## LAYTON v WEST, Registrar

Ohio Appeals, 2nd Dist. Greene Co

No 448.  Decided May 1, 1939

Morris R. Rice, Osborn, Ohio, for appellee.

Thomas J. Herbert, Atty. Gen., Columbus, and Maurice L. Schellenger, Asst. Atty Gen., Columbus, for appellant.

### OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Greene County, Ohio.

The action was lodged in the Common Pleas Court on appeal from an order of the Registrar of the Bureau of Motor Vehicles of the State of Ohio, denying to plaintiff a driver's license to operate an automobile.

The action of the Registrar was based entirely on physical defects which in the opinion of the Registrar incapacitated the appellee from operating a motor vehicle. Appellee was born with these physical defects. He has no left arm; the right arm is a short embryo stub, about 12 inches in length, with a large finger extending from the end of the stub.

Mr. Layton is a young man about twenty-one years of age, and has been operating an automobile for about five or six years. The record presents a history of plaintiff never having had an accident. He has normal use of his legs and when driving takes off his right shoe so as to grab the gear shift rod between his large toe and the toe next to it. He sits behind the wheel on a cushion, with his body touching the wheel, with the protruding finger on the spoke near the rim. In making turns, he shifts from one spoke to another. He presented evidence of operating his father's tractor on the farm as much as nine hours a day.

The young man is of very high intelligence and has familiarized himself with all the rules of the road. During the hearing in the Common Pleas Court, he gave a demonstration of his ability to drive, with the trial court as a passenger. In this demonstration he used two cars, one a Chevrolet, and afterwards a Ford. His brother, called as a witness, gave evidence that during the five or six years he has been driving, the appellee had never had an accident. Other witnesses were called as to the manner in which he handled an automobile and all said that he handled it as well as the ordinary driver.

The trial court reversed the orders of the Registrar and ordered that a driver's license be issued.

We are favored with the written opinion of the trial court, wherein the following observation was made:

"This court is keenly conscious of the seriousness of depriving a proper person from the rights to drive a motor vehicle, and is equally conscious of the responsibility in restoring to a questionable person his rights to drive an automobile. No one can say that the driver of any automobile, however thoroughly mentally and physically equipped, will never have an accident resulting in either serious injury or death to himself or others, and certainly it can not be said that Paul Layton will never be the subject of a serious automobile calamity. However, is Paul Layton a questionable person? Much evidence was submitted at the time of the trial from responsible citizens of his vicinity to the effect that he was a careful and prudent and skillful driver, and that he had overcome his natural physical handicaps by cultivating an adeptness with his feet and body that enabled him to use these members to supplant the deficiency occasioned by his lack of arms. To support this testimony the plaintiff, as heretofore stated, gave an exhibition of his ability to drive, which was impressive to this court. It is true that from a standing position of an automobile, he has difficulty in exercising sufficient power upon the steering wheel to turn the wheels. However, if given a proper amount of time, he accomplishes this purpose and reaches the same end that a person of more powerful physique accomplishes in one manipulation. However, the court was impressed with his carefulness in the operation of his car, and can only hope that this attitude was not assumed just for the purpose of the exhibition but that it is an attitude which he carries into the further operation of his automobile at all times."

A legal question presents itself to us as to whether or not the appeal to the Common Pleas Court invoked a de novo hearing or to determine as to whether or not the Registrar was guilty of an abuse of discretion in his refusal to grant a driver's license to the appellee. The trial court considered this question, as is evidenced by his written opinion. Counsel for the appellee also briefly discuss the question. Counsel for the appellant concedes the right of de novo hearing or at least in the brief presents no argument to the contrary. The right of appeal is controlled by §§6296-32 and 6296-33, GC. These sections read as follows:

"**Sec. 6296-32. Order of registrar may be reversed, vacated or modified.** An order made by the registrar may be reversed, vacated or modified by the common pleas court of Franklin County, Ohio, or by the common pleas court in the county in which the party affected is a resident, or in which the matter complained of arose."

"**Sec. 6296-33. Appeal for reversal, vacation or modification procedure.** A proceeding to obtain such reversal, vacation or modification shall be by appeal, notice of which shall be filed in such court on or before the expiration of thirty days from the date of entry of such order, by any party to the proceedings before the registrar. It shall be the duty of such court to set such appeal for hearing and to take such testimony as may be necessary to decide such matter. At least ten days' notice of the time and place of such hearing shall be given the registrar."

We also quote §6296-34 GC:

"**Sec. 6296-34. Power to reverse, suspend, etc.** No court shall have power to reverse, suspend, or delay any order made by the registrar, or enjoin, restrain or interfere with the registrar or a depty registrar in the performance of official duties, except as herein provided."

These are the only sections that in any way bear on the question of appeal from the orders of the Registrar.

No question being raised, we will accept the trial court's determination that plaintiff's appeal was properly heard de novo.

It appears from the record that the Registrar never saw the plaintiff and

therefore it is apparent that he based his determination to deny a driver's license upon a description of appellee's physical disabilities.

We can readily understand his reaction and we venture the statement that everyone's reaction would be the same from these facts alone However, the appellee convinced the trial court that he was entitled to a driver's license. The court in his opinion states that he is keenly conscious of his responsibility to the public. We are constrained to the view that the trial court was in better position to determine the question than a reviewing court.

The trial court, after a full hearing and conscious of his responsibility, having seen fit to reverse the order of the Registrar and direct that a driver's license be issued, we will not reverse the order. The judgment of the Court of Common Pleas will be affirmed and the cause remanded for further proceedings according to law.

Costs will be adjudged against the appellant.

HORNBECK, PJ, & GEIGER, J, concur.